GARDEN, JUDGE:
On May 22, 1970, the claimant’s wife was operating his 1977 Mercury Marquis in an easterly direction on Route 33 near the westerly corporate limits of Buckhannon. Route 33 at and near the point of the accident is a two-lane asphalt road and is bisected near the accident scene by a railroad track. Mrs. Sapp testified that she was proceeding at a speed of about 25 miles per hour as she crossed the railroad track, and immediately thereafter, she struck a pothole which was located, according to her estimate, about two feet east of the railroad crossing. As a result of striking this pothole, the hubcap on the right rear wheel was displaced and was not recovered. An expense of $72.00 was incurred.
Mrs. Sapp testified that she was very familiar with this particular section of Route 33, having used it every working day in traveling to and from her place of employment. She also testified that she was aware of the existence of the pothole, but, being distracted by laughing and talking children in her car, she simply had forgotten about its presence. The respondent contended, among other things, that the pothole was within the railroad right of way and that the respondent thus had no duty to maintain Route 33 within the railroad’s right of way.
Assuming that the pothole was not within the railroad right of way, the testimony was insufficient to predicate liability on the respondent. No evidence was presented to establish that respondent had knowledge, either actual or constructive, of the existence of the pothole. On the other hand, Mrs. Sapp testified that she was aware of the existence of the pothole, and, being of the opinion that her failure to avoid striking the hole constituted negligence which equalled or exceeded any negligence on the part of respondent, the Court must deny an award.
*318 Claim disallowed.